ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
1,Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel *1167 (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Philip M. Kleinsmith, an attorney licensed to practice law in the States of Louisiana, Utah, and Arizona, among others, based upon discipline imposed by the Third Judicial District Court in and for Salt Lake County, State of Utah, and the Supreme Court of Arizona.[1]
UNDERLYING FACTS AND PROCEDURAL HISTORY
In March 2012, the Supreme Court of Arizona reprimanded respondent and placed him on probation for one year in In the Matter of an Active Member of the State Bar of Arizona, Philip M. Kleinsmith, Bar No. 0127755, PDJ-2012-9019, No. 11-2745. Respondent had consented to discipline in Arizona based upon stipulations that he failed to keep his client adequately informed, failed to explain a matter to the extent reasonably necessary to permit the client to make informed decisions, charged an unreasonable fee, and failed to adequately protect the client’s interests upon termination of the representation. In October 2012, reciprocal discipline in the form of a public reprimand was imposed upon respondent in Utah. \9In re Kleinsmith, Civil No. 120906297 on the docket of the Third Judicial District Court in and for Salt Lake County, State of Utah.
After receiving notice of the Utah order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. Certified copies of the decision and order of the Third Judicial District Court in and for Salt Lake County, State of Utah were attached to the motion. On January 30, 2013, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. On February 8, 2013, respondent filed a response in which he consented to the imposition of reciprocal discipline.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
*1168 (4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems ^appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
Applying the factors set forth in Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed against respondent in Utah and Arizona. Considering that we share authority over respondent with those jurisdictions, this court will defer to their determination of discipline. See, e.g., In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”). Furthermore, respondent has consented to the imposition of reciprocal discipline.
Accordingly, we will impose reciprocal discipline in the form of a public reprimand.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Philip M. Kleinsmith, Louisiana Bar Roll number 27250, be publicly reprimanded.

. According to the documents attached to the ODC’s petition, respondent is licensed to practice law in the following states: Alaska, Arizona, Colorado, Florida, Hawaii, Idaho, Kansas, Kentucky, Louisiana, Maryland, Minnesota, Missouri, Montana, Nebraska, New Mexico, North Carolina, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Texas, Utah, Washington, Wisconsin, and Wyoming.