PER CURIAM
Pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel ("ODC") has filed a petition seeking the imposition of reciprocal discipline against respondent, Philip Martin Kleinsmith,[1] an attorney licensed to practice law in Louisiana and Colorado, based upon discipline imposed by the Supreme Court of Colorado.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Between 2012 and 2014, respondent, a solo practitioner, represented a bank in seventy-four real estate foreclosure actions. Respondent hired a title company to provide services for these foreclosure cases. The title company charged respondent approximately $ 55,000. In turn, respondent billed the bank for the title services. Respondent received payment from the bank for those services, but instead of remitting the funds to the title company, he used the funds to pay other expenses of his law firm. On December 21, 2016, the Supreme Court of Colorado ordered that respondent be disbarred for conversion of client funds.
After receiving notice of the Colorado order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A copy of the "Order and *1147 Notice of Disbarment" and "Opinion and Decision Imposing Sanctions under C.R.C.P. 251.19(b)" issued by the Supreme Court of Colorado was attached to the motion. On December 10, 2018, we rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D). That rule provides:
Discipline to be Imposed. Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline ... unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; ...
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.
In the instant case, respondent has made no showing of infirmities in the Colorado proceeding, nor do we discern any from our review of the record. Furthermore, we feel there is no reason to deviate from the sanction imposed in Colorado as only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston , 05-1546 (La. 1/13/06), 918 So.2d 461. See also In re Zdravkovich , 831 A.2d 964, 968-69 (D.C. 2003) ("there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority").
Under these circumstances, it is appropriate to defer to the Colorado judgment imposing discipline upon respondent. Accordingly, we will impose the same discipline against respondent as was imposed in Colorado and order that he be disbarred.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that respondent, Philip Martin Kleinsmith, Louisiana Bar Roll number 27250, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys, and his license to practice law in the State of Louisiana shall be revoked.

In 2013, we imposed reciprocal discipline upon respondent in the form of a public reprimand, based upon discipline imposed in Utah and Arizona. In re: Kleinsmith , 13-0283 (La. 3/8/13), 108 So.3d 1166.
Respondent's status with the Louisiana State Bar Association has been inactive since November 20, 2014.